Judge Owsley
delivered the Opinion of the Court.
This writ of error is prosecuted to a judgment, recovered by Skinner &c. in an action of ejectment, was brought against them, to recover the possession of seven hundred and thirty one acres of land in the county of Estill.
Hickman, who is the lessor of the plaintiff in the court below, claimed the land under a sale made by the Register of the Land Office for the tax due for the year 1815, and which accrued to the Commonwealth whilst the land was owned by Matthew Clay, a no(1 resident; and on the trial of the general issue in that court, the deed of conveyance made by ih© Register under the sale for taxes, was offered in evidence by Hickman, but, upon being objected to by the counsel of Skinner See. was rejected by the court.
Whether or not the dced_ ought to have been allowed to go' in evidence to’ the jury, is the only question made by the assignment ol errors.
Two objections v;ere taken to "the deed; the latter one alone, however, was sustained by the court; the first being, in the opinion of that court, not such as to authorize the rejection of the deed.
The first objection rests upon an inaccuracy in *211 ¿lie description of the land, as contained in the list for taxation with the Auditor; it being described to lie in the county of Madis.on, upon Station camp, when in truth the land lies in the new county of Estill, (formerly Madison county,) on Station camp, This inaccuracy in the description of the land was, however, in our opinion, correctly held by the. court below, not to form a sufficient,cause to exclude the deed from being used in evidence to the jury, Whether or not the land conveyed by the Register be the same that was sold by him for the tax, is properly a question of fact for the decision of the jury, and was no doubt correctly left by-the court for their consideration, upon all the circumstances, having a bearing upon the subject.
Itis not nothrReewter’s deed to recito that the land ¡Jeriis^ac-11 cording to the statute,
J4^ fcctVf the” deed of the Register,that, ttn^pursu-" anee of a sale for taxes duly aiVortlsec-
on the deed onlt, the presumption is, duty, and if the contrary I’f^thc1*’1' shown, which may be done notwithstanding recital?,
*211 But we differ iu opinion with that court as to the second objection taken .to the deed of the Register. In sustaining that objection, the court must have gone upon the principle, that, to be of any legal validity, the deed made by the Register, under a sale for tax, should state explicitly that the sale was made in pursuance to notice previously'published in strict conformity to the requisitions of law; and if in that the court were correct, the deed no doubt was correctly rejected, for there is no suggestion in the deed as to the tim.s of sale having ever -been advertised. But we are not prepared to qdmit that there, is. any necessity for the deed to contain, any mention of the sale having been advertised.
We acknowledge that the Register’s deed can have passed no title, unless it was made, in pursuanee of a sale, for taxes duly and regularly advertised; but if so advertised, the legal effect of the deed is the same, whether or not it contains any statement in relation to the advertisement.
As an officer of the law, entrusted with authority to sell and convey, it is^ not to be presumed, that the Register would have conveyed without having previously done whatever he was required by the duties of his, office previously to do. From the fact of his having conveyed, therefore, we must presume, prima facie, that every thing was done by the Register which was incumbent upon him to do, and were jiis deed to state that those things had been done, *212 the legal effect of the statement would be no more. The original proprietor of the land would, nevertheless, be at liberty to disprove the truth of the statements, and thereby defeat the force of the deed.
Turner for plaintiff; Cayerlon for defendant.
The deed ought, therefore, to have bee» permitted to go in evidence to the jury.
The judgment must consequently be reversed with cost, the cause remanded to the.court below, »nd further proceedings there had, not inconsistent vyith this opinion.